UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENTRELL BROWN </br></br> Petitioner, </br></br> v. </br></br> RICHARD BROWN, </br></br> Respondent. | </br></br></br></br> Case No. 1:13-cv-1981-JMS-DKL |

**Entry Dismissing Procedurally Defaulted Claims and Directing Further Proceedings**

Presently pending before the Court is petitioner Dentrell Brown's petition for a writ of habeas corpus. Mr. Brown raises three grounds for relief in his petition. In brief, his first ground asserts that the Indiana Court of Appeals erred in deciding a *Bruton* claim raised on direct appeal. His second ground is ineffective assistance of trial counsel concerning the *Bruton* issue. Finally, he asserts a *Giglio* violation concerning his testifying co-defendant. The Court addresses only the latter two in this Order. The parties are ordered to submit additional briefing regarding Ground One as set forth at the end of this Order.

As to his second ground, Mr. Brown requests relief in the form of an evidentiary hearing. Regarding his third ground, Mr. Brown asks the Court to stay this case so that he can request permission from the Indiana Court of Appeals to initiate a successive state post-conviction proceeding. For the reasons explained, both of these requested are **denied**. Mr. Brown has procedurally defaulted both of these claims, and they are therefore **dismissed with prejudice**.

**I.**
**Background**

In February 2009, Mr. Brown was convicted in an Indiana state court of murder, and he was sentenced to 60 years' imprisonment. On direct appeal to the Indiana Court of Appeals, Mr.

Brown, among other things, argued that his rights set out in *Bruton v. United States*, 391 U.S. 123 (1968), were violated when the trial court denied his motion for a mistrial. Mr. Brown raised his *Bruton* claim in his petition to transfer to the Indiana Supreme Court, but his petition to transfer was denied on January 7, 2010.

Mr. Brown filed a petition for post-conviction relief in state court on March 29, 2010. The post-conviction court denied Mr. Brown's petition. Mr. Brown appealed, arguing that his trial counsel was ineffective in failing to prevent a *Bruton* violation by not moving to sever Mr. Brown's trial from his codefendant's trial. The Indiana Court of Appeals held that Mr. Brown's ineffective assistance of counsel claim was merely an attempt to re-litigate the *Bruton* claim that was rejected on direct appeal, and therefore the claim was barred by res judicata. Mr. Brown filed a petition to transfer to the Indiana Supreme Court, which was denied on December 14, 2012. Mr. Brown then filed the instant petition for a writ of habeas corpus in this Court.

## II.
## Discussion

Mr. Brown asserts three grounds for relief in his habeas petition: (1) his rights under the Confrontation Clause were violated, and the Indiana Court of Appeals on direct appeal unreasonably applied *Bruton* in reaching the contrary result; (2) his trial counsel provided ineffective assistance by failing to request a limiting instruction that would have prevented the jury from using Mr. Brown's codefendant's statement as evidence against Mr. Brown; and (3) Mr. Brown's rights under *Giglio v. United States*, 405 U.S. 150 (1972), were violated because Mario Morris, a prisoner who testified against Mr. Brown, stated that he did not receive a benefit for testifying against Mr. Brown when he in fact did. In his petition, he requests an evidentiary hearing regarding his second issue and, as to his third issue, requests that the Court stay this case so that

he can pursue leave to file a successive post-conviction proceeding in state court. The Court addresses each of these two requests in turn.

### A. The Second Ground and Mr. Brown's Request for an Evidentiary Hearing

Mr. Brown maintains that his trial counsel provided ineffective assistance by failing to request a limiting instruction that would have prevented the jury from using Mr. Brown's codefendant's statement as evidence against Mr. Brown. He acknowledges that this claim was not raised in his state post-conviction proceeding and is therefore procedurally defaulted. However, relying on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), he contends that he can overcome this potential procedural default because his state post-conviction counsel provided ineffective assistance by not raising this claim. He further requests that the Court grant him an evidentiary hearing so that he can develop whether his state post-conviction counsel was ineffective.

The State responds that no evidentiary hearing is necessary because Mr. Brown cannot overcome the procedural default. Specifically, the State argues that Seventh Circuit law is clear that ineffective assistance of state post-conviction counsel can only excuse a procedural default if state law generally requires ineffective assistance claims to be raised in state post-conviction proceedings, which is not the case in Indiana.

Procedural default occurs "when a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the habeas court's failure to consider the claim would result in a fundamental

miscarriage of justice. *See House v. Bell,* 547 U.S. 518, 536 (2006); *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). As a general matter, "ineffective assistance of counsel during state post-conviction proceedings cannot serve as cause to excuse factual or procedural default." *Wooten v. Norris*, 578 F.3d 767, 778 (7th Cir. 2009). The Supreme Court recently articulated an exception to this rule: "Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S. Ct. at 1320. Stated otherwise, "procedural default caused by ineffective postconviction counsel may be excused if state law, either expressly or in practice, confines claims of trial counsel's ineffectiveness exclusively to collateral review." *Nash v. Hepp*, 740 F.3d 1075, 1079 (7th Cir. 2014).

Given the foregoing, whether Mr. Brown can overcome his procedurally defaulted claim based on the alleged ineffective assistance of state post-conviction counsel turns on whether Indiana limits ineffective assistance of counsel claims to post-conviction proceedings. In short, Indiana does not confine ineffective assistance of counsel claims to post-conviction proceedings; such claims can be raised either on direct appeal or in a post-conviction proceeding. *See Jewell v. State*, 887 N.E.2d 939, 941 (Ind. 2008) ("A criminal defendant claiming ineffective assistance of trial counsel is at liberty to elect whether to raise this claim on direct appeal or in post-conviction proceedings."); *Woods v. State*, 701 N.E.2d 1208, 1219 (Ind. 1998) (noting that while "a postconviction hearing is normally the preferred forum to adjudicate an ineffectiveness claim," such claims may be brought on direct appeal and that, in some instances, it may be preferable to do so). Two other federal courts in this state have reached the same conclusion. *See Brown v.*

*Superintendent*, 996 F.Supp.2d 704, 716-17 (N.D. Ind. 2014); *Johnson v. Superintendent*, 2013 WL 3989417, *1 (N.D. Ind. 2013).

In sum, Mr. Brown has procedurally defaulted on his underlying claim that trial counsel provided ineffective assistance by failing to request a limiting instruction that would have prevented the jury from using Mr. Brown's codefendant's statement as evidence against Mr. Brown. This claim could have been presented in his direct appeal, but was not. Moreover, for the reasons stated, Mr. Brown cannot excuse his procedural default of this claim by arguing that his post-conviction counsel provided ineffective assistance. His request for an evidentiary hearing is therefore denied and his second habeas claim is dismissed.

**B.     The Third Ground and Mr. Brown's Request to Stay this Case**

Mr. Brown argues that his rights under *Giglio* were violated because Mr. Morris, a prisoner who testified against Mr. Brown, stated that he did not receive a benefit for testifying against Mr. Brown when he in fact did. Mr. Brown acknowledges that he failed to raise this claim in state court, but, relying on *Rhines v. Weber*, 544 U.S. 269 (2005), and *Dolis v. Chambers*, 454 F.3d 721 (7th Cir. 2006), he maintains that the Court should stay this federal habeas proceeding so that he can seek leave to file a successive post-conviction petition in state court and exhaust this claim. According to Mr. Brown, such a course is appropriate when, as here, a petitioner presents a mixed petition—that is, one containing both exhausted and unexhausted claims.

The State responds that the Court need not consider whether the stay procedure set forth in *Rhines* should be used, as that procedure is available only when the petitioner presents a mixed petition. Here, says the State, Mr. Brown's *Giglio* claim is procedurally defaulted rather than unexhausted. Therefore, the State maintains that the Court should conclude that Mr. Brown's

*Giglio* claim is procedurally defaulted and deny his request to assess whether a stay is warranted under *Rhines*.

The parties do not dispute that the stay procedure set forth in *Rhines* applies only when a petitioner presents a mixed petition—that is, a petition "containing both exhausted and unexhausted claims." *Rhines*, 544 U.S. at 273 (citing *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). They are right to do so, given that the Supreme Court in *Rhines* made clear that the question before it pertained only to whether a district court may stay a case involving a mixed petition. *See Dolis*, 454 F.3d at 724 ("In *Rhines*[], the Court considered 'whether a federal district court has discretion to stay [a] mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition.'") (quoting *Rhines*, 544 U.S. at 271-72). The parties dispute, however, whether Mr. Brown's *Giglio* claim is unexhausted, which would make his petition mixed, or procedurally defaulted, which would make his petition include only exhausted claims.

Exhaustion and procedural default are related but distinct doctrines. A claim is unexhausted "[w]here state remedies remain available to a habeas petitioner who has not fairly presented his constitutional claim to the state courts," while, as stated above, a procedural default occurs when "the petitioner has already pursued his state-court remedies and there is no longer any state corrective process available to him." *Perruquet*, 390 F.3d at 514; *see also Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992) ("Exhaustion refers only to issues that have not been presented to the state court but still may be presented. Procedural default, on the other hand, occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court."). Therefore, "[a] habeas petitioner who has defaulted his federal claims in state court meets the technical

requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman*, 501 U.S. at 732 (quoting 28 U.S.C. § 2254(b)).

The Court agrees with the State that Mr. Brown's *Giglio* claim is procedurally defaulted rather than unexhausted. Mr. Brown has presented claims to the Indiana courts during both a direct appeal and a post-conviction proceeding, but he admittedly did not present his *Giglio* claim in either one.[1] Given that Mr. Brown "has already pursued his state-court remedies and there is no longer any state corrective process available to him," his *Giglio* claim is procedurally defaulted. *Perruquet*, 390 F.3d at 514; *see Engle v. Issac*, 456 U.S. 107, 125 n.28 (1982) (holding that because the respondents had completed all avenues of state relief available and "could have [brought their claim] on direct appeal, . . . they have exhausted their state remedies with respect to this claim").

Since Mr. Brown's *Giglio* claim is procedurally defaulted rather than unexhausted, he has not presented the Court with a mixed petition. Accordingly, the stay procedure outlined in *Rhines* is inapplicable, and Mr. Brown's request for a stay is denied. Mr. Brown's *Giglio* claim is dismissed.

### III.
### Conclusion

For the reasons stated, Mr. Brown's requests for an evidentiary hearing and to stay this case are **denied**. Grounds Two and Three are procedurally defaulted and thus **dismissed with prejudice**. No partial final judgment shall issue at this time.

---

[1] Mr. Brown contends that he failed to raise a *Giglio* claim in state court because the claim was undiscoverable, given that Mr. Morris' criminal case was not resolved until a week before Mr. Brown filed his reply brief in his state post-conviction proceeding. But as the State points out, Mr. Brown was aware of the potential *Giglio* issue at the time of trial; at the very least, Mr. Brown could have attempted to pursue the claim during his state post-conviction proceeding, as Mr. Morris had plead guilty and was sentenced before post-conviction briefing was complete before the Indiana Court of Appeals. Mr. Brown chose not to do so, and thus procedurally defaulted this claim.

The Court must still decide whether Mr. Brown is entitled to habeas relief on Ground One of his petition, but the parties have not fully briefed the merits of that issue. The State must supplement its return to show cause only as to the merits of Ground One of Mr. Brown's petition by **April 13, 2015**. Mr. Brown may file a reply brief regarding only Ground One by **May 13, 2015**. The Court does not anticipate granting extensions to these deadlines.

**IT IS SO ORDERED.**

Date: 03/05/2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel